IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

             Nos.  01-40033-01-SAC

JOSEPH V. MULAY,

    Defendant.

MEMORANDUM AND ORDER

    The district court denied a joint motion pursuant to 28 U.S.C. § 2255 to vacate a sentence (Dk. 102) based on *United States v. Brooks*, 751 F.3d 1204 (10th Cir. 2014). (Dk. 106). The parties jointly argued that the sentencing court had erred back in 2001 in finding the defendant's 1995 Kansas conviction for criminal threat to be a felony under U.S.S.G. § 4B1.2(a) because it was contrary to how the Tenth Circuit was now interpreting and applying this guideline after *Brooks*. The district court in its 22-page order rejected the parties' reasons for applying *Brooks* to this case and then concluded with a certificate of appealability ("COA"). The defendant appealed.

    On appeal, the Tenth Circuit observed the government to be arguing now "that Mr. Mulay's claim is not cognizable in a § 2255 action because it involves non-constitutional sentencing error and urges us to

follow *United States v. Trinkle*, 509 Fed. Appx. 700 (10th Cir. 2013), an unpublished case with similar facts." *United States v. Mulay*, 805 F.3d 1263, 1264-65 (10th Cir. 2015). The panel in *Mulay* acknowledged that the Tenth Circuit panel in *Trinkle* had "determined that a similar challenge (applying the career offender provision to a criminal threat conviction) could not be the basis for a constitutional claim as required for a COA." *Id.* at 1265. Tenth Circuit understood the government to be challenging the sufficiency of the COA and the defendant's ability to "demonstrate a fundamental defect resulting in a complete miscarriage of justice that would allow" this appeal to proceed. *Id.* at 1265. Based on the government's challenge and the apparent deficiency with the COA, the Tenth Circuit partially remanded the case for "reconsideration and specification of any issue or issues of constitutional import." 805 F.3d at 1266. Given the narrow parameters of this partial remand and the panel's expressed desire for an expedient order on remand, the court will enter this order without including any more history or background of the case and without offering any observations or comments concerning the proceedings and rulings to date.

The statute to be applied is 28 U.S.C. § 2253, which provides in pertinent part:

> (c)(1) Unless a circuit judge or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--- . . . (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

As the *Mulay* panel noted, the Supreme Court in *Gonzalez v. Thaler*, ---U.S.----, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012), held that the (c)(1) requirement (issuance of a certificate of appealability ("COA")) is jurisdictional, while the later (c)(2) requirement (a substantial showing of a constitutional right being denied) and the (c)(3) requirement (COA's indication of the constitutional right issue) are non-jurisdictional. 805 F.3d at 1265. Thus, a court is to "remain conscious" of these latter requirements to the point that a § 2255 appeal "requires an underlying constitutional claim" and that the appellate court "may not entertain appeals from the denial of § 2255 motions that lack an underlying constitutional claim." *Id.* In this way, the requirements of (c)(2) and (c)(3) serve as mandatory procedural conditions or prescriptions. *See Gonzalez*, 181 L.Ed.2d at 633-34.

As stated above, the court did issue a COA at the conclusion of its order denying § 2255 relief:

> Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. Such a certificate "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because this issue arises in a fluid area of Tenth Circuit law, it is worthy of more consideration. The court will issue a certificate of appealability for this order.

(Dk. 106, pp. 21-22). The circuit panel concluded that this COA was defective under (c)(3) in not indicating the particular issue of constitutional significance. The panel did consider whether a constitutional issue could be found in the parties' arguments:

> The parties identified a constitutional issue in the motion: a due process challenge on the basis of being sentenced on materially inaccurate information. 1 R. 20–21. The parties explained that the 240–month sentence Mr. Mulay received was actually within the correct guidelines range after *Brooks*, rather than a downward departure as the trial court envisioned. 1 R. 21–22. On appeal, Mr. Mulay makes a different argument—that his sentence violated due process because it was based upon the inaccurate fact that he was a career offender. Aplt. Br. at 5, 10; Aplt. Reply Br. at 2, 3. Under either due process theory, Mr. Mulay is arguing that his sentence is incorrect based upon *Brooks*, a decision interpreting the guidelines. Our precedent is clear that a claim of error concerning statutory interpretation is insufficient to warrant a COA; and it would seem this applies to a claim of error concerning guideline interpretation. *See Christensen*, 456 F.3d at 1206–1207; *United States v. Taylor*, 454 F.3d 1075, 1078–79 (10th Cir. 2006).
> On the other hand, we recognize that some circuits have held that an appeal will lie for a § 2255 challenge based upon mandatory guidelines and a change in the law concerning career offender status and a showing of prejudice. *United States v. Doe*, No. 13–4274, ––– F.3d ––––, ––––, 2015 WL 5131208, at *20 (3rd Cir. Sept. 2, 2015); *Narvaez v. United States*, 674 F.3d 621, 629–30 (7th Cir. 2011).
> Given the government's challenge to the COA because it does not raise a constitutional issue, the Supreme Court instructs that "the court of appeals panel must address the defect by considering an amendment to the COA or remanding to the district judge for specification of the issues." *Gonzalez*, 132 S.Ct. at 651. We therefore **PARTIALLY REMAND** this case to the district court for reconsideration and specification of any issue or issues of constitutional import. We retain jurisdiction.

805 F.3d at 1265. The court construes the panel's remand "for reconsideration and specification of any issue or issues of constitutional

4

import" as to be framed by the panel's discussion of § 2253 requirements and not to be an invitation to reconsider and specify the merits of the district court's ruling.

In his memorandum requesting a certificate of appealability, the defendant asks the court to "reconsider" nothing but simply "specify" in a new COA the constitutional issue first stated in the parties' original joint motion. (Dk. 129). The defendant argues the panel's remand is contrary to precedent which relaxes the specification requirement where a court, like here, decides only the one issue before it on a § 2255 motion. The court, however, understands the panel's remand order to be asking more from this court than the perfunctory act of stating this same issue in a new COA. The panel's published opinion plainly identified and discussed this single issue raised in the parties' joint motion and said the issue and the parties' presentation of it were not enough for a COA. The panel observed that, "[u]nder either due process theory, Mr. Mulay is arguing that his sentence is incorrect based upon *Brooks*, a decision interpreting the guidelines." 805 F.3d at 1265. In this circumstance, the panel stated that Tenth Circuit precedent was "clear" that a statutory interpretation error is insufficient for a COA. 805 F.3d at 1265. It further admitted that this precedent would encompass "a claim of error concerning guideline interpretation." *Id.* (citing *United States v. Christensen*, 456 F.3d 1205, 1206-07 (10th Cir. 2006), and *United States v. Taylor*, 454 F.3d 1075, 1078-79 (10th Cir. 2006)).

So instead of asking the district court to enter a new COA specifying the same issue found in the joint motion, the panel would have this court on remand consider the parties' efforts to frame a constitutional claim and, if accomplished, then specify the constitutional issue in the COA. The panel alludes to the possibility that the defendant could frame a constitutional issue based on additional circumstances, such as "mandatory guidelines and a change in the law concerning career offender status and a showing of prejudice." *Id.* In support of this last possibility, the panel cites a recent decision, *United States v. Doe*, 806 F.3d 732 (3rd Cir. 2015), but this decision has been vacated with the granting of a petition for rehearing, 2015 WL 8287989 (Dec. 9, 2015). The other decision cited by the panel is *Narvaez v. United States*, 674 F.3d 621, 529-30 (7th Cir. 2011), which recognized a constitutional issue of due process based on a sentencing guideline error in the pre-*Booker* era when the guidelines were mandatory. As noted by the Seventh Circuit in a later decision, *Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014), the panel in *Narvaez* had treated the mandatory guidelines "as equivalents of statues" and, therefore, the sentence was regarded as exceeding the statutory maximum on these facts:

> The sentencing court's application of the career offender status increased the then-mandatory sentencing range for Mr. Narvaez from 100-125 months to 151-188 months. The court sentenced him to 170 months' imprisonment—the midpoint of the enhanced guidelines range.

6

674 F.3d at 624.

The defendant cites *Narvaez* and argues that Tenth Circuit authority[1] recognizes § 2255 relief when a defendant has been sentenced as a career offender under a mandatory guidelines scheme. In *Kissick*, the defendant did receive a sentence within the mandatory guideline range set by his career offender status and challenged that one of his state convictions did not met the definition of a controlled substance offense. 69 F.3d at 1051. In *Cox*, the defendant was not sentenced as a career offender but challenged his criminal history score as one of his state convictions had been expunged. 83 F.3d at 339-40. The defendant, however, is unable to show his case is similar to these decisions.

Unlike *Narvaez* and *Kissick*, the court here did not sentence the defendant to a term fixed within the mandatory guideline sentencing enhanced for career offenders. For Mr. Mulay, the career offender sentencing guideline range (total offense level of 34 and criminal history category of six) was 262 to 327 months on counts seven and eight with a consecutive sentence of 60 months for count nine. (Dk. 75, pp. 8-9). With the filing of the government's 5K1.1 motion, the sentencing court was given the discretion to depart from the mandatory sentencing deadlines and did so by sentencing the defendant to 180 months on count 7, to 60 months on count 8 to run concurrently with count 7, and to 60 months on count 9 (gun count)

---

[1] *United States v. Kissick*, 69 F.3d 1048 (10th Cir. 1995), and *United States v. Cox*, 83 F.3d 336 (10th Cir. 1996).

to run consecutively. (Dk. 61). As the government correctly argues, the court sentenced Mr. Mulay pursuant to the departure discretion arising from the § 5K1.1 motion and not under the mandatory guideline range with the career offender enhancement. Unlike *Cox*, this is not a case of a prior state conviction being expunged on grounds going to its constitutional validity.

Nor can Mr. Mulay contend that his sentence exceeded the statutory authority of Congress as argued in *Narvaez.* As the parties presented to the Tenth Circuit, if the career offender enhancement had not been applied to Mr. Mulay, his mandatory guideline range would have been 168 to 210 months plus a consecutive 60 months. Unlike *Narvaez*, the defendant's sentence of 180 months plus a consecutive 60 months was within the mandatory guideline range without the enhancement which precludes any argument that his sentence exceeded the statutory maximums or authority given by Congress. Nor can the defendant fashion a due process argument here from *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), which recognized that the guidelines can be challenged on direct appeal as unconstitutionally vague. There is no such issue here, and the defendant's due process argument here is couched on nothing more than the Tenth Circuit's interpretation of the guidelines.

Finally, the defendant argues a violation of due process in that the sentencing court erroneously relied on materially inaccurate information about his criminal history. The defendant says the court sentenced him on a

materially untrue assumption about his criminal record. The court here did not make any materially untrue assumptions about Mr. Mulay's criminal record. Unlike *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948), the court here did not assume any facts or circumstances related to whether the defendant had been actually convicted of those prior offenses. The court cannot find any reasonable argument for error of a constitutional magnitude when the court failed to sentence Mr. Mulay according to an interpretation of "punishable" made in *Brooks*. There has been no attempt to show that the sentencing court was not fully and correctly informed about the facts of Mr. Mulay's prior state convictions, or that it failed to apply the precedent controlling at the time. The sentencing court's findings are consistent with the interpretation of the phrase, "punishable by imprisonment for a term exceeding one year," made in *United States v. Arnold*, 113 F.3d 1146 (10th Cir. 1997).[2] The defendant offers no argument, like in *Townsend*, that the court violated due process based on the facts and the law at the time of

---

[2] The panel in *Arnold* decided that "punishable" in 18 U.S.C. § 922(g) "is not the actual sentence which the appellant received, but the maximum possible sentence," and that the "maximum possible sentence" is not limited to the defendant's actual criminal history but includes the sentencing judge's "presumptive power" to depart on aggravating factors. 113 F.3d at 1148; *United States v. Arnold*, 1995 WL 793966 (D. Kan. Nov. 30, 1995). The court in *Arnold* included this presumptive power within the determination of punishable and did so without stating or establishing whether this sentencing power could have been exercised on the facts and/or proceedings in that case. *Id*. This is how *Arnold* has been interpreted by the Tenth Circuit. *See, e.g., United States v. Hill*, 539 F.3d 1213, 1216 (10th Cir. 2008); *United States v. Lackey*, 208 Fed. Appx. 674, 676-77 (10th Cir. Dec. 13, 2006) (finds the "'hypothetical' defendant" approach to exist prior to 2000 in Tenth Circuit precedent considering the Kansas sentencing guidelines).

sentencing. This confirms that the defendant's § 2255 issue rests exclusively on applying "the fundamental holding of *Brooks* that a court must look at the characteristics of a *particular* defendant, not a worst-case hypothetical one." *Mulay*, 805 F.3d at 1264. The defendant's claim is no more than an effort to be resentenced under *Brooks*' new interpretation of "punishable." At best, this is a non-constitutional sentencing error, and this error did not result in any arguable denial of a constitutional right as the court sentenced him in the exercise of its departure discretion from a § 5K1.1 motion and not under the mandatory enhanced sentencing guidelines for career offenders. Therefore, the court denies the defendant's motion for a certificate of appealability, as the defendant has not made a substantial showing of the denial of a constitutional right.

IT IS THEREFORE ORDERED that the defendant's request for a certificate of appealability (Dk. 129) is denied and this order is entered to fulfill the requirements of the Tenth Circuit's partial remand.

Dated this 8th day of January, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge